Ruffin, C. J.
 

 As to the right which the defendantsset up upon the score of the state of the accounts between Foster and Clements and Armfield, by reason of the payment of debts by Foster, which the two latter took on themselves; that is a proper matter for an enquiry upon the reference tc ascertain the sum due to the plaintiff on the foot of the bond allotted to him in the division of the effects of Clement, Armfield and Foster. For as Foster was obligor and obligee therein, the debt is an equitable one only, for which the plaintiff can have no relief but in this Court. If therefore he should be indebted to Foster, it will form a fair deduction from Foster’s liability to him.
 

 But the principal question in the cause is, whether the plaintiff has a right in this Court to have the management o£ the partnership effects taken out of the hands of the partners themselves, Foster and Gilbert, or their assignees, and the effects applied to the payment of the plaintiff’s debt, upon the ground that the partners are not able to pay their debts, and that they are, or one of them is, appropriating those effects to their, or his separate uses. We own that we know of no such equity in a general creditor of a partnership. At the instance of one partner the Court will in such a case interfere against the other partner, because they are joint owners of the property, and one has no right to apply it to his separate use; thereby leaving the other liable to the partnership debts out of his own estate, or, at all events, depriving him of property that belongs to him. So, if a creditor of one of the partners gets a judgment against him, the Court of
 
 *217
 
 Equity will entertain the bill of the creditor against all the partners to pay the debt or to have the partnership accounts taken and payment made out of the surplus belonging to his debtor. That is done on the ground of the difficulty on the creditor and the ruin to the business, by proceeding to sell under execution an aliquot part of the joint effects. Indeed, the interest of the debtor in the partnership effects is only in the surplus after a settlement of all the joint debts, and also a settlement between the partners themselves. But there seems to be no principle, on which a creditor of a firm cau file a bill to stop the business, and tie the hands of all or any of the partners, or one of them, from disposing of the effects, for the purpose of applying them, even to satisfy all the creditors of the firm equitably, and much less singly td his own debt by note,bond, or account. Such a jurisdiction as the former is exercised in cases of bankruptcies under statutes giving the power to take and assign all the effects of a bankrupt partnership or individual, for the benefit of all creditors. If the Court of Equity had an original jurisdiction of the kind, there would have been but little necessity for a bankrupt act. Without such an act, a creditor of the firm must take his remedy by judgment at law' against the partners personally, and proceed, as upon any other joint judgment, against persons who are not partners.- The nature of the debt to the present plaintiff does not vary the case upon this point. As he cannot recover at law, he is entitled to a decree here for so much money; but it is only a general decree that the debtors personally shall pay hifn the money. The debt does not especially attach itself to the partnership effects, more than to any other owned by the debtors or either of them. If the relief which the plaintiff asks could be granted, there is no insolvent partnership, whose concerns would not be brought to a close under an administration in the Court of Equity. We cannot suppose that one of these partners is acting in opposition to the will or interests of the other; since no complaint is made by the one against the
 
 *218
 
 other. To stop his collection and disposition of the effects, *s privilege of the other partners, and cannot be claimed by the plaintiff. Indeed the bill takes the effects alike from ^offi, Up0n no allegation but that of the plaintiff's having the rights of a general creditor. The firm has a right of preferring other creditors of the firm before the plaintiff, upon the general principle pervading the law, except in cases, not of insolvency, but of bankruptcy. So, if the partners so agree between themselves, they may apply, each his own share of the joint effects, to his separate debts ; for, as respects them severally, the separate debts of each are as much his debts as the joint debts are, and nothing but the duty of one partner to another prevents either from paying his separate debt out of that portion of his property, as soon as out of any other portion of his property, or as soon as a joint debt. If the creditor of the firm were confined to his remedy against the effects of the firm, there would be more consistency in the present attempt. But the plaintiff is not so restrained, but may raise his debt out of the separate property of the partners to the hindrance of their separate creditors and may take their persons.
 

 It follows, that the orders for a sequestration and a receiver must be discharged, and the receiver directed to settle his accounts before the Master, and pay over to the defendants, as entitled, the moneys in his hands, and deliver up the books of accounts, and other evidences of debts and property, to the defendants Foster and Gilbert, or their assignees respectively. And the plaintiff must pay all the costs that have been incurred under those orders.
 

 The bill must be dismissed with costs as
 
 to
 
 all the defeudants, except Thomas Foster and' Gilbert and Armfield. And it must be referred to the Master
 
 to take an
 
 account of
 
 the sums
 
 received by the plaintiff or Armfield, or by Foster and Gilbert, or either of them, from Roberts, on account of his dealings with or for the firm of Clement, Armfield and Foster ; and also to take an account of what may be due to the plaintiff on his demand in the pleadings mentioned, and of
 
 *219
 
 any proper deduction therefrom in favor of the defendants, or any or either of them.
 

 Per Curiam, Decree accordingly.